## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| _____ ) | |
| REVERSE MORTGAGE SOLUTIONS, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION No. 15-cv-9182 |
| ) | |
| REVERSE MORTGAGE SOLUTIONS, INC. ) | |
| ) | |
| Defendant ) | |
| _____) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT UPON DEFAULT AGAINST DEFENDANT AND FOR ENFORCEMENT OF THE TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff Reverse Mortgage Solutions, Inc. ("RMS") hereby moves this Court to enter a default judgment against defendant Reverse Mortgage Solutions, Inc. ("Defendant"). RMS also moves to enforce the Court's Temporary Restraining Order against Defendant, entered on October 30, 2015. Dkt. 21. Defendant was served with the summons and Complaint on October 27, 2015, but failed to file an answer or otherwise properly defend, despite its full knowledge of its obligation and abundant opportunity. In addition, despite entry of the Court's order granting RMS's Motion for Temporary Restraining Order against Defendant, Defendant has failed to de-register as an Illinois corporation under RMS's name, resulting in additional and continuing harm to RMS. RMS now requests that the Court enter a default judgment and order Defendant to comply with this Court's Order by de-registering with the state of Illinois.

### FACTUAL AND PROCEDURAL BACKGROUND

RMS filed the Complaint on October 16, 2015, alleging that Defendant has attempted to

disrupt RMS's business by infringing RMS's exclusive rights in its protected marks in violation of the Lanham Act and Illinois state laws. Dkt. 1. The Complaint alleges that, following RMS's failure to renew its Illinois registration as a foreign corporation qualified to do business in the state under the name "Reverse Mortgage Solutions, Inc." and the dba name "Security 1 Lending," Defendant incorporated in Illinois under the name "Reverse Mortgage Solutions, Inc.," and also register the assumed names "Security 1 Lending" and "Security One Lending" in an apparent effort to disrupt RMS's business. *Id.* ¶¶ 21-24. The Complaint alleges state and federal trademark claims, a federal false designation of origin and unfair competition claim, and an unfair competition claim under the Illinois Consumer Fraud and Deceptive Business Practices Act against Defendant. *Id.* ¶¶ 28-52. On these bases, the Complaint seeks to permanently enjoin Defendant from using RMS's protected marks, "Reverse Mortgage Solutions, Inc.," "Security One Lending," and "Security 1 Lending," to compel Defendant to dissolve its corporate registration of "Reverse Mortgage Solutions, Inc." with the Office of the Secretary of State for the State of Illinois, and to obtain monetary relief and attorneys' fees for Defendant's wrongful conduct. *Id.* at 9-10.

On October 20, 2015, Thomas Laz, an Illinois attorney and Defendant's registered agent, called counsel for RMS. Declaration of Jessica T. Lu ("Lu Decl."), ¶ 3 (attached as Exhibit A). RMS was finally able to serve Defendant with the summons and Complaint on October 22, 2015. Dkt. 18. RMS then filed an amended complaint on October 26, 2015, affecting service on Defendant by Federal Express mail to Defendant's last known mailing address.[1] Dkt. 16.

In light of the immediate and irreparable harm facing RMS as a result of Defendant's wrongful conduct, RMS filed a Motion for Temporary Restraining Order to enjoin Defendant

---

[1] RMS also handed a copy of the Amended Complaint to Defendant at the TRO hearing held on October 27, 2015.

2

from infringing RMS's state and federal trademark rights and to compel Defendant to dissolve its registration under RMS's protected marks with the Office of the Secretary of State of the State of Illinois. Dkt. 10. As set forth in RMS's Memorandum in Support of its Motion for Temporary Restraining Order, Defendant's infringement of RMS's marks and wrongful registration in the state of Illinois is irreparably harming and will continue to irreparably harm RMS's business in the state by severely impairing its ability to finance its operations and continue its marketing and promotional activities. Dkt. 11.

A hearing on this motion was held on October 27, 2015. Although Defendant appeared, and handed out an opposition brief to RMS's motion, Defendant never filed this opposition on the docket in this action, despite the Court's direction to do so at the hearing. The opposition also contained an affidavit from David Laz, one of the representatives of the Defendant. This affidavit, excerpts of which are attached to this Motion as Exhibit B, shows that Mr. Laz, without a court order, subpoena, or other form of authorized discovery, made *ex parte* communications with employees of RMS concerning defenses that Defendant raised to the TRO.

Following argument, the Court issued a ruling from the bench granting RMS's Motion and recognizing the "significant harm" to RMS as a result of Defendant's conduct, and entered an order granting RMS's Motion (the "Order") on October 30, 2015. Dkt. 21. As directed by the Court, RMS posted bond of $10,000 on November 4, 2015. Despite the Order, Defendant has failed to dissolve its corporate registration with the Office of the Secretary of State for the State of Illinois and continues to use RMS's protected marks. *See* Lu Decl. ¶ 4.

Pursuant to Federal Rules of Civil Procedure 12(a) and 15(a)(3), the deadline for Defendant to respond to the Amended Complaint was November 12, 2015, twenty one days after service of the original Complaint. Despite appearing at the hearing on RMS's Motion for

Temporary Restraining Order on October 27, 2015, and engaging in multiple telephone and e-mail communications with counsel for RMS prior to this deadline, Defendant has failed to timely answer the Complaint or seek any extension. *See* Lu Decl. ¶ 3.

## ARGUMENT

Defendant refuses to play by the rules. It failed to timely answer the Complaint, failed to file a proper response in the TRO proceeding, failed to comply with the Court's TRO, and took informal discovery by contacting RMS without notice to or consent from its attorneys. It is apparent that Defendant does not intend to defend itself by properly engaging in the litigation process. The Court should grant RMS's motion for entry of default judgment and enforce the Temporary Restraining Order against Defendant.

### A.    Legal Standard

Rule 12(a) requires a defendant to "serve an answer: within 21 days after being served with the summons and complaint." When an amended pleading is filed, the answer "must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the court may enter a default judgment against it. Fed. R. Civ. P. 55(b)(2). "The decision to enter a default judgment lies within the district court's discretion." *Malibu Media, LLC v. Funderburg*, 13-cv-2614, 2015 WL 1887754 at *2 (N.D. Ill. Apr. 24, 2015).

A failure to plead may be cured by a defendant seeking an extension to file an answer and then timely filing an answer, but an extension to file an answer to a complaint may be granted only when "justified by 'excusable neglect.' " *Mommaerts v. Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007). "Excusable neglect" permits the party an opportunity "to

4

comply with a [missed] filing deadline," but only if the deadline was missed due to the party's "negligence" and "the oversight is excusable." *Id.* (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Whether neglect is "excusable" is an "equitable" determination "taking account of all relevant circumstances." *Pioneer*, 507 U.S. at 395.

**B.      Defendant's Inexcusable Failure to Answer Supports a Default**

Defendant has failed to answer or otherwise defend against the Complaint under the deadline set forth by the Federal Rules. *See* Fed. R. Civ. P. 55(b)(2). As a result of this failure, the Court should enter a default judgment against Defendant, granting RMS's requests for relief. *See id.*; *Malibu Media, LLC*, 2015 WL 1887754, at *1. Defendant's conduct and repeated failure to comply with the Court's procedures evidence its failure to defend this action. Defendant had obviously been monitoring the docket in this action even before service of the Complaint, as Mr. Laz contacted RMS's counsel before Defendant was even served with the Complaint. *See* Lu Decl. ¶ 3. But despite this knowledge and formal service of the Complaint days later, Defendant has missed its deadline to answer the Amended Complaint.

Defendant's brief appearance before the Court for the hearing on RMS's Motion for Temporary Restraining Order on October 27, 2015 does not demonstrate that Defendant has "otherwise defend[ed]" this case. First, Defendant failed to properly file its opposition brief to RMS's Motion for Temporary Restraining Order. Defendant handed out copies of its response at the hearing but, despite being admonished by the Court to properly e-file it, never did so. Moreover, the response itself and subsequent events demonstrate Defendant's unwillingness to properly engage in the litigation process. David Laz, one of the representatives and shareholders of the Defendant, made *ex parte* communications with employees of RMS to collect unauthorized discovery in support of Defendant's response. Even after this Court granted the

5

Temporary Restraining Order, Defendant did not comply by de-registering its name in Illinois. *See* Lu Decl. ¶ 4. These acts and omissions evidence Defendant's unwillingness to properly participate in this litigation.

Furthermore, Defendant's failures to properly engage in the litigation process are not "excusable neglect," that would justify an extension of its time to answer. Defendant's two shareholders and representatives are both Illinois attorneys, who have been admitted in Illinois since 1982 and 1975.[2] Exs. C-D. Despite notice of the Complaint, proper service, and ample opportunity to seek an extension, Defendant has never indicated any reason to justify any extension of the time to answer the Complaint. Defendant's recalcitrance is all the more inexcusable given the ongoing substantial and irreparable harm to RMS. As this Court recognized when it granted the Temporary Restraining Order, Defendant's conduct has impaired RMS's ability to conduct business in Illinois, resulting in irreparable harm to RMS. *See* Dkt. 21, at 3-4. Every day that Defendant's failure to properly defend this case drags this litigation out results in further harm to RMS. Accordingly, this Court should enter a default judgment against Defendant and compel Defendant to comply with the Court's Order.

<u>CONCLUSION</u>

For the foregoing reasons, RMS respectfully requests that the Court grant this motion to enter a default judgment against Defendant and to enforce the Court's October 30, 2015 Order against Defendant.

---

[2] Since 2008, David Laz has not been registered to practice in Illinois. Thomas Laz remains registered to practice with the Illinois ARDC.

Dated: November 13, 2015                    Respectfully submitted,

                                            REVERSE MORTGAGE SOLUTIONS, INC.

                                            By its attorneys,

                                            /s/ Jessica T. Lu
Steven F. Molo                              Jessica T. Lu (*pro hac vice*)
Justin B. Weiner                            Rebecca M. Lecaroz (*pro hac vice*)
MOLOLAMKENLLP                               BROWN RUDNICK LLP
300 N. LaSalle Street                       One Financial Center
Chicago, IL 60654                           Boston, MA 02111
T: (312) 450-6700                           Phone: 617-856-8200
F: (312) 450-6701                           Fax: 617-856-8201
jweiner@mololamken.com                      jlu@brownrudnick.com
                                            rlecaroz@brownrudnick.com

## CERTIFICATE OF SERVICE

I, Justin B. Weiner, hereby certify that the foregoing Plaintiff's Motion for Judgment Upon Default Against Defendant and for Enforcement of the Temporary Restraining Order and accompanying memorandum and exhibits were served on Defendant Reverse Mortgage Solutions, Inc. by sending them via Federal Express to its last known mailing address of 2110 Babst Ct., Lisle, IL on November 13, 2015 and by e-mail to tomlazattorney@yahoo.com.

/s/Justin B. Weiner
Justin B. Weiner